[No. 43979.  En Banc.  September 8, 1977.]

COLUMBIA BASIN COLLEGE ASSOCIATION OF HIGHER EDUCATION, *Appellant,* v. BOARD OF TRUSTEES OF COLUMBIA BASIN COLLEGE, *Respondent.*

*Critchlow, Williams, Ryals & Schuster,* by *Rembert Ryals,* for appellant.

*Slade Gorton, Attorney General,* and *James M. Murphy* and *John E. Lamp, Assistants,* for respondent.

WRIGHT, C.J.—The court having fully considered the matter on reargument following the granting of a petition for rehearing, will adhere to the opinion previously unanimously adopted.

To further clarify the prior opinion we wish to mention RCW 28B.52.010 which provides:

> It is the purpose of this chapter to strengthen methods of administering employer–employee relations through the establishment of orderly methods of communication between academic employees and the community college districts by which they are employed.

RCW 28B.52.030 provides:

> Representatives of an employee organization, which organization shall by secret ballot have won a majority in an election to represent the academic employees within its community college district, shall have the right, after using established administrative channels, to meet, confer and negotiate with the board of trustees of the community college district or its delegated representative(s) to communicate the considered professional judgment of the academic staff prior to the final adoption by the board of proposed community college district policies relating to, but not limited to, curriculum, textbook selection, in–service training, student teaching programs, personnel, hiring and assignment practices, leaves of absence, salaries and salary schedules and noninstructional duties.

A reading of the two statutes makes it plain that it is the duty of the board of college trustees to meet, confer and negotiate with the representatives of the academic staff upon proper subjects when the same have been proposed for negotiation by either party.

38

For the reasons heretofore stated, the trial court is hereby reversed and the 1972 and 1973 agreements reinstated in full force and effect.

ROSELLINI, HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., and RYAN, J. Pro Tem., concur.